UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RAMIREZ ALVARADO, (A#062-868-698),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06681-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Because petitioner's § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition be denied.

## I. Factual and Procedural History

Petitioner is a native of Mexico who is currently detained at the California City Detention Facility located within this judicial district. ECF No. 1 at 2. Petitioner lawfully entered the United States as a lawful permanent resident on November 24, 2012 while a minor. ECF No. 7 at 14 (I-213 Form). He sustained several criminal convictions since then, including felony Sale/Transport or Offer to Sale a Controlled Substance (Fentanyl) in 2024 from the Placer County Superior Court (which resulted in an eight-year prison sentence), misdemeanor Burglary in the

Second Degree, Assault with a Deadly Weapon Not a Firearm, Driving with a Suspended License, and Obstructing or Resisting an Executive Officer. ECF No. 7 at 18-19 (Felony Abstract of Judgment); ECF No. 7 at 34 (Rap Sheet).

Based on this criminal history, Immigration and Customs Enforcement ("ICE") lodged a detainer with the California Department of Corrections and Rehabilitation ("CDCR") while Petitioner was serving his criminal sentence for the 2024 fentanyl-related conviction. ECF No. 7 at 15. He was released from CDCR and arrested by ICE pursuant to an administrative arrest warrant on August 13, 2026. ECF No. 7 at 16. Petitioner was served with a Notice to Appear ("NTA") administratively charging him with being removable pursuant to INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)] based on the fentanyl-related conviction. ECF No. 7 at 9-12 (NTA).

Petitioner filed the instant § 2241 petition on August 21, 2026, challenging his immigration detention under the Due Process Clause of the Fifth Amendment. ECF No. 1. By way of relief, Petitioner requests immediate release under appropriate conditions of supervision. ECF No. 1 at 8.

By way of an answer, Respondent asserts that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) on account of his fentanyl-related conviction, which constitutes an aggravated felony for purposes of immigration law. ECF No. 7 at 2. Alternatively, Respondent states that this conviction may subject Petitioner to mandatory detention under § 1226(c)(1)(B) as a controlled substance conviction. Id. To the extent that Petitioner challenges his detention classification based on § 1226(c), his remedy is a Joseph hearing before an immigration judge and not federal habeas relief. Id. at 2-3. Next, Respondent emphasizes that the Supreme Court upheld mandatory detention under Section 1226(c) as facially constitutional in Demore, 538 U.S. 510. Id. at 3-4. Finally, Respondent submits that Petitioner's length of detention in this case is not prolonged and, therefore, does not warrant relief because there is a definitive termination point when his removal proceedings conclude. Id. at 5-6.

**II. Applicable Detention Statute**

The statutory framework governing immigration detention is complex. "Where a

[noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Petitioner's detention is governed by § 1226(c)(1)(B) based on his 2024 conviction for selling or transporting fentanyl. Section 1226(c)(1)(B) applies to any noncitizen who is deportable by reason of having committed any offense covered in, *inter alia*, 8 U.S.C. § 1227(a)(2)(A)(iii). ICE officials charged petitioner as removable under § 1227(a)(2)(A)(iii), which applies to noncitizens "convicted of an aggravated felony[.]" Respondent identifies petitioner's 2024 conviction as an "aggravated felony" per 8 U.S.C. § 1101(a)(43)(B), which defines the term to include "illicit trafficking in a controlled substance."

## III. Legal Standards

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

While observing "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)," the Ninth Circuit has expressly declined to address "[w]hether due process requires a bond hearing" in such situations. Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022), cert. granted, judgment vacated, 144 S. Ct. 1339 (2024). But it has previously expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those

who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

The undersigned finds Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test and recognizes the assigned district judge has also applied it to such challenges. See, e.g., Jose G. M. L. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *4 (E.D. Cal. Feb. 19, 2026); Gopal B. v. Albarran, No. 1:26-cv-1083 TLN CKD, 2026 WL 504736, at *4 (E.D. Cal. Feb. 24, 2026). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

## IV. Discussion

### A. As-Applied Framework

The undersigned construes the petition as raising an as-applied, procedural due process challenge to the constitutionality of petitioner's detention under § 1226(c)(1)(B). See ECF No. 1 at 9-13. Although the Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, it did so with the understanding that such detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 513, 529 n.12, 530. Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court expressly recognized the right to bring as-applied challenges to the mandatory detention under § 1226(c): "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420. Since Demore and Preap, "[c]ourts in the Ninth Circuit routinely review as-applied constitutional challenges to § 1226(c) detention." Jose G. M. L., 2026 WL 472987, at *3 (collecting cases).

But before proceeding to the analysis, the undersigned first rejects Respondent's primary argument that petitioner's as-applied challenge fails because his detention is not "indefinite." The Ninth Circuit has recognized that "'indefinite and potentially permanent' civil detention . . .

clearly pose[s] serious *substantive* due process concerns." Prieto-Romero v. Clark, 534 F.3d 1053, 1064 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 696) (emphasis added). The question presented here is not whether Petitioner's detention appears to be "indefinite," but whether his mandatory detention of approximately two months without a fair detention hearing violates *procedural* due process. As explained above, courts entertain such as-applied, procedural due process claims despite the Supreme Court's finding in Demore, 538 U.S. at 529, that § 1226 detention has a "definite termination point." See Black, 103 F.4th at 149 ("Demore upheld the government's authority under section 1226(c) to detain noncitizens without an initial bond hearing for the brief period necessary for their removal proceedings. It said nothing about whether due process may *eventually* require a hearing.") (internal quotations and citations omitted) (emphasis in original).

In sum, while prolonged *and* indefinite detention is necessary to show entitlement to outright release under the Zadvydas framework, prolonged detention—even if not indefinite—may be sufficient to require a detention hearing. See Lopez v. Garland, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.") (quotation omitted). With this framework in mind, the undersigned turns to the procedural due process analysis.

**B. Procedural Due Process Analysis**

Given that Petitioner has been detained for approximately two months, his liberty interest is not as weighty as the interest of an individual subject to prolonged detention. Petitioner undoubtedly has a liberty interest in "'freedom from prolonged detention' [that] is 'unquestionably substantial.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011)). However, Petitioner has been detained for approximately two months. In Demore, the Supreme Court held the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average." 538 U.S. at 530-531. Further, although the Ninth Circuit has not addressed when mandatory detention under § 1226(c) becomes prolonged, it has referred to detentions

longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted); see also Zadvydas, 533 U.S. at 701 (recognizing a "6–month period" of presumptively reasonable post-removal-period detention). Therefore, given that the duration of Petitioner's detention is still within the range contemplated in Demore, the undersigned finds that it does not implicate his strongly-protected interest against prolonged detention.

Petitioner still retains a general liberty interest in freedom from detention. "'[F]reedom from imprisonment . . . lies at the heart of the liberty [the Due Process Clause] protects.'" Zadvydas, 533 U.S. at 690. But applying the Mathews factors to that private interest, the relatively short duration of Petitioner's § 1226(c) detention significantly diminishes its strength. "[T]he longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in Demore, the harder it becomes to justify without conducting an individualized bond hearing." Sarr v. Scott, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025); cf. Black, 103 F.4th at 151 (finding first Mathews factor "weighs heavily in favor" of petitioners where they were detained for "far longer" than the petitioner in Demore).

There is, of course, a risk of erroneous deprivation of liberty any time detention commences and continues without a fair detention hearing. That risk of erroneous deprivation will increase over time as his detention becomes prolonged due to the "almost nonexistent procedural protections in place for section 1226(c) detainees." Black, 103 F.4th at 152.

Finally, precedent dictates that "[t]he government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). In Demore, the Supreme Court expressly upheld the brief detention of criminal noncitizens without an individualized determination of dangerousness. See 510 U.S. at 528. While this factor currently favors the government, it too will tilt toward Petitioner as his detention without an individualized determination of danger or flight risk becomes prolonged. See Black, 103 F.4th at 153–54 ("The additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an

individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees."); Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)).

On balance, the Mathews factors weigh against ordering a bond hearing at the current, two-month juncture of Petitioner's immigration detention. Accordingly, the undersigned recommends that the petition be denied. However, these findings and recommendations do not preclude Petitioner from seeking a bond hearing through a subsequent § 2241 petition at a later point in time should his detention become prolonged.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's (A#062-868-698) application for a writ of habeas corpus be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE